IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-000143-BO

| | |
|---|---|
| Charlene Johnson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Kilolo Kijakazi )<br>*Acting Commissioner of Social Security* )<br>)<br>Defendant. ) | ORDER |

This cause comes before the Court on plaintiff's motion for judgement on the pleadings [DE 17] and defendant's motion for judgement on the pleadings [DE 20]. A hearing was held on the motions before the undersigned on September 16, 2021, in Edenton, North Carolina. For the reasons that follow, plaintiff's motion is granted and this matter is remanded to the Commissioner for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act. On April 5, 2016, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff alleged a disability onset date of July 16, 2015. After initial denials, an administrative law judge (ALJ) held a hearing on February 1, 2019 and found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner

when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform her past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had engaged in some work since her alleged onset of July 16, 2015, but that only the second quarter of 2018 rose to the level of substantial gainful activity. The evaluation continued for all periods outside of that time. At step two, the ALJ found that plaintiff's asthma, essential hypertension, obesity, degenerative disc disease, and borderline intellectual functioning were severe impairments. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a Listing. At step four, the ALJ found that plaintiff had the RFC to perform less than the full range of medium work. The ALJ found that plaintiff had a moderate limitation regarding understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ found that she could perform simple, routine, repetitive tasks, but not at a production rate pace. [Tr. 25]. The ALJ explained that plaintiff's time off-task could be accommodated by normal breaks. [Tr. 25]. The ALJ found that she could not perform her past relevant work as a nurse aid. At step five,

3

the ALJ found that plaintiff would be able to perform jobs at the medium exertional level with a specific vocational preparation of two, including jobs such as bagger, stores laborer, or dining room attendant.

Upon review of the record and decision, the Court concludes that remand is appropriate because the ALJ failed to evaluate and assign appropriate weight to medical opinions in the case.[1] The ALJ must carefully weigh the opinions of the medical sources on file through considering several factors, including length of the treatment relationship, supportability, consistency, and specialization. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ must consider all medical opinion given in the case, assess the weight given to each opinion, and explain any conflict between a medical opinion and the ALJ's RFC. *Id.* at § 404.1527(b). Furthermore, under the treating physician rule, "the opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (quoting *Coffman v. Bowen*, 829 F.2d 514, 417 (4th Cir. 1987)). A treating physician's opinion is controlling "unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The treating physician rule is applicable to cases filed before March 27, 2017. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F. 3d 251, 255 (4th Cir. 2017).

Dr. Harrison, a state agency psychologist, found that plaintiff's mental impairments limited her abilities and that she could only follow short instructions. Despite stating that he gave Dr. Harrison's opinion significant weight, the ALJ did not limit plaintiff to performing work with only

---

[1] Because this case is remanded for further proceedings, the Court does not reach the constitutional issue raised in plaintiff's supplemental briefing. No further briefing from the government is required.

4

short instructions and failed to explain the exclusion of this limitation. The ALJ gave the same weight to the opinion of Dr. Noles, another state agency psychologist, and included all the limitations noted by Dr. Noles without explanation. The ALJ does not justify the disparate treatment. Additionally, the ALJ gave only partial weight to the evaluation results of Dr. Thomason, a psychologist at Vocational Rehabilitation. Dr. Thomason found that plaintiff had intellectual challenges that would result in difficulties communicating, socializing, and self-directing. The ALJ acknowledged that Dr. Thomason performed a thorough examination of plaintiff and that no opinions contradict Dr. Thomason's findings.

The ALJ failed to adequately explain the basis for plaintiff's medium-work RFC. In determining a claimant's residual functional capacity, an ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence and may include a claimant's own description of limitations, such as pain. *Id.* Social Security Ruling 96-8p directs ALJs to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before determining the level of work the claimant can perform. *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). While the Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by function analysis," remand "may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citing *Mascio*, 780 F.3d at 636). The ALJ does not address how plaintiff can perform medium work at below a production pace when she has borderline intellectual functioning.

5

The Court finds that remand is necessary in this case. Remand is appropriate where, as in this case, an ALJ fails to discuss relevant evidence that weighs against the decision and fails to properly weigh medical opinions. This case is remanded so that the ALJ can give careful consideration to plaintiff's non-exertional limits and the availability of jobs in the economy under step five.

## CONCLUSION

Accordingly, plaintiff's motion for judgement on the pleadings [DE 17] is GRANTED and defendant's motion for judgement on the pleadings [DE 20] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this ⵌ day of September, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:20-cv-00143-BO Document 26 Filed 09/21/21 Page 6 of 6